BRYAN CAVE LEIGHTON PAISNER LLP, #145700
Meridyth M. Andresen, 021657
Jacob A. Maskovich, 021920
Two North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4406
Telephone:    (602) 364-7000
Facsimile:    (602) 364-7070
Email:        jamaskovich@bclplaw.com
              mmandresen@bclplaw.com

Attorneys for Defendant Early Warning Services, LLC

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert Arant, individually, and on behalf of all others similarly situated, | No. |
| Plaintiff, | **NOTICE OF REMOVAL** |
| v. | |
| Early Warning Services, LLC d/b/a Zelle, | |
| Defendant. | |

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1446 and 1453 and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. 109-2, § 1(a), 199 Stat. 4 (Feb. 18, 2005) (codified as amended in scattered sections of Title 28, United States Code), defendant Early Warning Services, LLC ("EWS") hereby removes the civil action pending in the Superior Court of the State of Arizona, County of Maricopa, styled *Robert Arant v. Early Warning Services, LLC d/b/a Zelle*, Case No. CV2022-005057 (the "Action"), to the United States District Court for the District of Arizona for the reasons set forth below.

## GROUNDS FOR REMOVAL JURISDICTION

1.      <u>Removal is timely</u>. On April 21, 2022, Plaintiff Robert Arant ("Plaintiff") filed a Class Action Complaint (the "Complaint") against EWS in the Action. The Complaint was served on EWS on April 28, 2022 and was the first pleading served setting forth the claims for relief upon which the Action is based. This Notice of Removal has been timely filed within thirty days after service of the Complaint pursuant to 28 U.S.C. § 1446(b)(1).

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, AZ 85004-4406
TELEPHONE:    (602) 364-7000

2.    <u>This Court has jurisdiction under CAFA.</u> This Court has jurisdiction over this Action pursuant to 28 U.S.C. § 1332(d), and this Action is properly removable pursuant to 28 U.S.C. § 1453(b), because this Action is (a) a proposed class action within the meaning of CAFA, in which (b) "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . or a citizen or subject of a foreign state," (c) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100" and (d) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(2), (d)(5)(B).

a.    <u>This Action is a "class action."</u> A "class action," as defined by CAFA, is "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar state statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §§ 1332(d)(1)(B), 1453(a). Plaintiff purports to assert his claims as a class action pursuant to Rule 23 of the Arizona Rules of Civil Procedure. (Compl. ¶ 49.) Plaintiff alleges that EWS made misrepresentations about the safety of the Zelle service, and that plaintiff relied on these representations and would not have signed up for and used the Zelle service had he known of the "true risks." (Compl. ¶¶ 35-37, 60-65.) Plaintiff purports to assert claims against EWS for alleged violations of: (1) the Arizona Consumer Fraud Act, Ariz. Rev. Stat. §§ 44-1521, *et seq.* (on behalf of himself and a purported nationwide class of "all persons who signed up for the Zelle Service and incurred unreimbursed losses due to fraud"); and (2) the Washington Consumer Protection Act, Wash. Rev. Code § 19.86.010, et seq. (on behalf of himself and a purported Washington Subclass of "all Washington persons who signed up for the Zelle Service and incurred unreimbursed losses due to fraud"). (Compl. ¶¶ 58-78.)

b.    <u>Minimal diversity of citizenship exists.</u> Under CAFA, diversity is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant . . . [or] any member of a class of plaintiffs is a . . . citizen or subject of a foreign state and any defendant is a citizen of a State." 28 U.S.C. § 1332(d)(2)(A)-(B). Under CAFA,

Bryan Cave Leighton Paisner LLP
Two North Central Avenue, Suite 2100
Phoenix, AZ 85004-4406
Telephone:    (602) 364-7000

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, AZ 85004-4406
TELEPHONE:    (602) 364-7000

1  an unincorporated association (such as a limited liability company[1]) is a citizen both of the

2  State where it has its principal place of business and under whose laws it is organized. 28

3  U.S.C. § 1332(d)(10). Consistent with the allegations of the Complaint, EWS is a limited

4  liability company formed under Delaware law with its principal place of business in

5  Scottsdale, Arizona. (Compl. ¶ 11.) EWS is therefore a citizen of Delaware and Arizona for

6  CAFA purposes. Plaintiff alleges he is a citizen and resident of Seattle, Washington. (*Id.*

7  ¶ 10.) As noted above, Plaintiff purports to assert claims on behalf of a putative nationwide

8  class of "all persons who signed up for the Zelle Service and incurred unreimbursed losses

9  due to fraud" as well as a Washington Subclass of "all Washington persons who signed up

10  for the Zelle Service and incurred unreimbursed losses due to fraud." (*Id.* ¶ 49.) The putative

11  class definitions purportedly include Plaintiff and other individuals who are citizens of

12  Washington and other states that are diverse from Arizona and Delaware, and diversity of

13  citizenship exists under 28 U.S.C. § 1332(d)(2)(A)-(B).

14          c.    Numerosity is satisfied. Numerosity under CAFA is satisfied if "the

15  number of members of all proposed plaintiff classes in the aggregate is [not] less than 100."

16  28 U.S.C. § 1332(d)(5)(B). Plaintiff purports to assert his claims on behalf of himself and

17  "thousands of similarly situated Zelle money transfer users[.]" (Compl. ¶ 1.) Based on

18  Plaintiff's own allegations, there are more than 100 persons in the putative classes for

19  purposes of 28 U.S.C. § 1332(d)(5)(B). EWS disagrees that this Action is, or may be,

20  suitable for treatment as a class action, and EWS hereby reserves all rights and arguments it

21  may have to oppose any future motion for class certification.

22

23

_____

24  [1] *See Ferrell v. Express Check Advance LLC*, 591 F.3d 698, 699-700 (4th Cir. 2010) (holding
    that a limited liability company is an "unincorporated association" as that term is used in 28
25  U.S.C. § 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized
    and the State where it has its principal place of business); *Abrego Abrego v. The Dow*
26  *Chemical Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (holding that, under CAFA, an
    unincorporated association is a citizen of the State under whose laws it is organized and the
27  State where it has its principal place of business and noting that CAFA "departs from the
    rule …that a limited partnership's or unincorporated association's citizenship for diversity
28  purposes can be determined only by reference to all of the entity's members.")

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, AZ 85004-4406
TELEPHONE: (602) 364-7000

d.    <u>The amount in controversy is satisfied.</u>[2] The amount in controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated . . ." 28 U.S.C. § 1332(d)(6). As set forth below, assuming the truth of Plaintiff's allegations solely for purposes of removal and aggregating the alleged damages for all putative class members,[3] the relief sought by the Complaint exceeds $5,000,000, exclusive of interest and costs.

i.    Plaintiff alleges that he lost $4,400 in a purported scam and that his injuries are typical of the class(es). (Compl. ¶¶ 46, 55.) Assuming Plaintiff's alleged loss of $4,400 is typical, as Plaintiff alleges, the putative classes would need to include only 1,137 class members to meet the $5,000,000 threshold, without even considering Plaintiff's other requests for relief. This threshold is met based on Plaintiff's allegation that the classes include "**thousands** of similarly situated Zelle money transfer users." (*Id.* ¶ 1) (emphasis added).

ii.    In addition, estimating the aggregate damages based on Plaintiff's allegations with regard to the Washington Subclass alone are sufficient to demonstrate the amount in controversy exceeds $5,000,000. Plaintiff's Complaint alleges that "**thousands** of Washingtonians have suffered and will continue to suffer injury by [EWS's] unfair and deceptive acts and practices" and Plaintiff seeks, among other relief, "three times actual damages (up to $25,000)" for each of them. (*Id.* ¶¶ 72, 76) (emphasis added). Three times Plaintiff's purported actual damages of $4,400 would be $13,200. Based

---

[2] As instructed by the United States Supreme Court, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

[3] This assessment is based solely on the allegations of Plaintiff's Complaint. EWS reserves all rights and arguments to oppose any damages sought in this action by Plaintiff individually or on behalf of members of the putative classes.

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, AZ 85004-4406
TELEPHONE:    (602) 364-7000

on Plaintiff's allegation that his claims are "typical of the claims of the other members" (*id.* ¶ 55), the Washington Subclass would only need to include 379 class members to satisfy the jurisdictional threshold and, as noted above, Plaintiff alleges there are "thousands" of such members. Accordingly, the amount in controversy exceeds the $5,000,000 threshold under 28 U.S.C. § 1332(d)(2) without even considering the injunctive relief, "punitive and exemplary damages," or "costs, expenses, and disbursements . . . including reasonable attorneys' fees" that Plaintiff requests in his Complaint. (Compl. Prayer for Relief ¶¶ C, F, H.)

3.    <u>Removal to the District of Arizona is proper</u>. Venue is proper for purposes of removal under 28 U.S.C. § 1441(a) because the state court where the Action has been pending is located in this district.

4.    EWS seeks removal of this Action without prejudice to any and all defenses available to it. EWS denies all claims alleged in the Action and denies that Plaintiff and the putative classes are entitled to any relief whatsoever. In the event Plaintiff seeks to remand this Action, or the Court considers remand *sua sponte*, EWS reserves its right to submit additional argument and/or jurisdictional evidence in support of removal. *See Dart Cherokee*, 574 U.S. at 89 ("[e]vidence establishing the amount [in controversy] is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation").

5.    Pursuant to LRCiv 3.6, EWS has attached the Civil Cover Sheet as **Exhibit 1** and the Supplemental Civil Cover Sheet as **Exhibit 2**. A copy of the most recent Maricopa County Superior Court docket is attached as **Exhibit 3**. EWS attaches a complete true and correct copy of all of the documents filed in the Superior Court of the State of Arizona, County of Maricopa in this Action as **Exhibits 5 - 10**, with the Complaint attached as **Exhibit 5**. EWS verifies that those exhibits constitute true and complete copies of all pleadings and other documents filed in the Maricopa County Superior Court in this Action. *See* Declaration of Counsel, attached as **Exhibit 4**.

6.      EWS has served a copy of this Notice of Removal on Plaintiff in accordance with 28 U.S.C. § 1446(d).

7.      A copy of the Notice of Removal to Federal Court filed with the Superior Court Clerk of Maricopa County today in accordance with 28 U.S.C. § 1446(d) is attached hereto as **Exhibit 11**.

This Notice is signed pursuant to Federal Rule of Civil Procedure 11 in accordance with 28 U.S.C. § 1446(a).

DATED this 27th day of May, 2022.

BRYAN CAVE LEIGHTON PAISNER LLP


By  /s/ Jacob A. Maskovich
     Meridyth M. Andresen
     Jacob A. Maskovich
     Two North Central Avenue, Suite 2100
     Phoenix, Arizona 85004-4406
     Attorneys for Defendant Early Warning
     Services, LLC


STROOCK & STROOCK & LAVAN LLP
     Julia B. Strickland (*pro hac vice forthcoming*)
     Christopher R. Fredrich (*pro hac vice forthcoming*)
     2029 Century Park East, 18th Floor
     Los Angeles, CA 90067

     Attorneys for Defendant Early Warning
     Services, LLC

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, AZ 85004-4406
TELEPHONE:    (602) 364-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on May 27, 2022, I electronically submitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing.

Andrew J. Shamis
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
ashamis@shamisgentile.com

Christopher Gold
EDELSBERG LAW, P.A.
20900 NE 30th Avenue, Suite 417
Aventura, Florida 33180
chris@edelsberglaw.com

Attorneys for Robert Arant

 /s/ Cathy Russell

BRYAN CAVE LEIGHTON PAISNER LLP
TWO NORTH CENTRAL AVENUE, SUITE 2100
PHOENIX, AZ 85004-4406
TELEPHONE:    (602) 364-7000